IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

TORSHAZO WILLIAMSON,           )
                               )
           Plaintiff,          )
                               )
    v.                         )         1:24CV431
                               )
CAPTAIN MR. BROWN, et al.,     )
                               )
           Defendants.         )

## ORDER, MEMORANDUM OPINION AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

This matter comes before the Court on Plaintiff Torshazo Williamson's motion for a preliminary injunction and temporary restraining order. (Docket Entry 12.)[1] Also before the Court is Plaintiff's motions for appointment of counsel (Docket Entries 10, 13; *see also* Docket Entry 11), a motion for issuance of subpoenas duces tecum (Docket Entry 16), and a letter motion, which the Court construes as a request for clarification. (Docket Entry 19.) For the following reasons, the undersigned recommends that Plaintiff's motion for a preliminary injunction and temporary restraining order be denied. Moreover, the undersigned will deny Plaintiff's motions for appointment of counsel and motion for issuance of subpoenas, but will grant the letter motion seeking clarification to the extent explained herein.

### I.  BACKGROUND

Plaintiff, a *pro se* pretrial detainee currently housed at the Rockingham County Detention Center ("RCDC"), filed a Complaint pursuant to 42 U.S.C. § 1983 alleging

---

[1] The document is entitled "Memorandum;" however, the Court construes it as a motion.

constitutional violations against the following Defendants: Rockingham County Sheriff Sam Page and Rockingham County Sheriff's Office officials Captain Jennifer Brown, Sergeant Rodgers, Jail Administrator Captain Mr. Brown, Sergeant Mr. Lee, Corporal Ellis, Corporal T. Kluk, Officer C. Dillion, Officer G. Brown, Officer Schorder,[2] Officer Ortagea, Officer J. Thomson, and Nurse Jo. (*See generally* Complaint, Docket Entry 2.) In his Complaint, Plaintiff asserts that as a pretrial detainee at RCDC, he was subject to excessive force, unconstitutional conditions of confinement, deliberate indifference to his serious medical needs, and violations of North Carolina's minimum standards for operation of local confinement facilities under N.C. Gen. Stat. § 153A-221 arising from an incident in March 2024. (*Id.*) In pertinent part, Plaintiff expressed his desire not to move into a cell which had inhuman living conditions known to prison officials, including a several months' old broken toilet with the smell of feces. (*Id.* at 12-13.)[3] When officers arrived for the move and while Plaintiff was packing, he alleges that Sergeant Rodgers initiated physical contact with him, which then led to Plaintiff being tased, grabbed and struck by other Defendants, and then tased again in several different locations. (*Id.* at 13-14.) At some point, Corporal T. Kluk grabbed Plaintiff's leg and held it up while Sergeant Rodgers deployed the taser on Plaintiff's leg. (*Id.* at 14.) Plaintiff alleges that the use of excessive force, and apparently the cell relocation, was in retaliation for Plaintiff filing a grievance against Corporal T. Kluk "for calling [Plaintiff] a 'Nigga'." (*Id.*) Plaintiff alleges that he was never aggressive towards any prison officials during the incident in which

---

[2] Defendant Schorder's name was corrected though amendment to the Complaint. (*See* Text Order dated 7/18/2024.)

[3] Unless otherwise noted, all citations herein refer to the page numbers at the bottom right-hand corner of the documents as they appear in the Court's CM/ECF system.

2

they used excessive force against him. (*Id.* at 13-14.) He also alleges that after the incident he was taken to medical, "cleaned up" by Nurse Jo and given Ibuprofen, although she did not take pictures. (*Id.* at 16.) However, Plaintiff alleges that he did not receive the proper medical treatment as officials failed to see Plaintiff after subsequent sick call requests. (*Id.* at 16-17.) Further, Plaintiff alleges that being in the cell "without sanitary toilet facilities [and] proper trash procedures" is cruel and unusual punishment. (*Id.* at 15.) Plaintiff alleges that he has been injured from the use of the taser including physical injuries and emotional anguish. (*Id.* at 15-16.)

## II. DISCUSSION

1. Plaintiff's Motion for a Preliminary Injunction and Temporary Restraining Order

Plaintiff seeks preliminary injunctive relief prohibiting Corporal T. Kluk from "[destroying] evidence and from retaliating against" Plaintiff. (Docket Entry 12 at 1.) He contends that Corporal T. Kluk is racist as shown through his name-calling and threatening and harassing conduct before and after the March 2024 incident alleged in the Complaint. (*Id.*; *see also* Declaration of Torshazo Williamson, Docket Entry 12-1 at 2.) Plaintiff lists several post-March 2024 incidents involving Corporal T. Kluk: (1) in July 2024, Corporal T. Kluk ordered Plaintiff to walk around during "walk time" although the floor was flooded from another inmate's toilet; (2) in September 2024, Corporal T. Kluk threatened Plaintiff to stop filing grievances against him and also stuck his left thumb in Plaintiff's food; (3) also in September 2024, Corporal T. Kluk wrote up Plaintiff and "stopped walk time" for an opened flap door which Plaintiff states was untrue; and (4) Corporal T. Kluk threatened and lied on Plaintiff after Plaintiff filed a grievance in August 2024 regarding sexual statements Corporal

3

T. Kluk made to another inmate. (Williamson Decl. at 2-4.) Plaintiff further asserts that Corporal T. Kluk has called other inmates inappropriate names, one of which also filed a declaration in support of Plaintiff's motion. (*See id.* at 4; *see also* Declaration of Morris Dabbs, Jr., Docket Entry 12-2.) Due to Corporal T. Kluk's conduct, Plaintiff argues he has lost visitation and other privileges, has been subject to undue stress, and fears what may happen if relief is not granted. (Williamson Decl. at 4.) Plaintiff seeks to stop all interactions with Corporal T. Kluk. (*Id.* at 5.)

The substantive standard for granting either a temporary restraining order or a preliminary injunction is the same. *See e.g.*, *U.S. Dep't of Lab. v. Wolf Run Mining Co.*, 452 F.3d 275, 281 n. 1 (4th Cir. 2006); *Jacobs v. Holmes*, No. 5:15-CT-3031-FL, 2015 WL 3891395, at *2 n.1 (E.D.N.C. June 14, 2015). Temporary restraining orders are governed by Rule 65 of the Federal Rules of Civil Procedure, which provides that a temporary restraining order may be issued only if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A).[4] The United States Supreme Court has stated that to obtain a temporary restraining order or a preliminary injunction, a plaintiff must establish: (1) that he is likely to succeed on the merits; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *see also Leaders of a Beautiful Struggle v. Baltimore Police Dep't*, 2 F.4th 330, 339 (4th Cir.

---

[4] Temporary restraining orders, which may be issued without notice to the adverse party, are limited in duration to 14 days unless the court for good cause extends it. Fed. R. Civ. P. 65(b)(2).

2021). "It frequently is observed that a preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (per curiam) (citation omitted); *see also MicroStrategy Inc. v. Motorola, Inc.*, 245 F.3d 335, 339 (4th Cir. 2001) (citation omitted) ("recognizing that 'preliminary injunctions are extraordinary remedies involving the exercise of very far-reaching power to be granted only sparingly and in limited circumstances'").

Furthermore, "[t]he purpose of interim equitable relief is to protect the movant, during the pendency of the action, from being harmed or further harmed in the manner in which the movant contends it was or will be harmed through the illegality alleged in the complaint." *Omega World Travel, Inc. v. Trans World Airlines*, 111 F.3d 14, 16 (4th Cir. 1997). A "preliminary injunction may never issue to prevent an injury or harm which not even the moving party contends was caused by the wrong claimed in the underlying action." *Id.* Thus, the moving party for a preliminary injunction "must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Id.* (citation omitted); *see also Jason v. Robinson*, No. 7:21CV00320, 2021 WL 5321028, at *1-2 (W.D. Va. Nov. 8, 2021) (unpublished) (denying plaintiff's motion seeking interlocutory injunctive relief because plaintiff's motion failed to establish a relationship between the injury claimed in his motion and the conduct asserted in the complaint, as his motion involved individuals not named as defendants in the lawsuit and events that occurred months after the latest constitutional violation alleged in the complaint).

Here, the undersigned concludes that Plaintiff's motion should be denied because the actions set forth in the motion—describing a false write-up and the threatening and harassing

5

conduct of Corporal T. Kluk—are not the harms associated with Plaintiff's underlying claims in the Complaint. "Though new assertions of misconduct might support additional claims against a defendant, they do not support preliminary injunctions entirely unrelated to the conduct asserted in the underlying complaint." *Nealson v. Blankenship*, No. 7:23-CV-00071, 2023 WL 2776069, at *1 (W.D. Va. Apr. 4, 2023) (citation omitted). While Plaintiff claims that Corporal T. Kluk's actions are retaliatory, the crux of Plaintiff's harms in the Complaint stem from the alleged use of excessive force on March 11, 2024 during the cell relocation, the unconstitutional conditions of the cell, and the subsequent lack of medical treatment after the excessive force incident. (*See generally* Compl.) Therefore, as "a preliminary injunction may never issue to prevent an injury or harm which not even the moving party contends was caused by the wrong claimed in the underlying action[,]" *Trans World Airlines*, 111 F.3d at 16, Plaintiff's motion should be denied. *See Jason,* 2021 WL 5321028, at *1-2; *McNeill v. Bond*, No. 1:18CV786, 2022 WL 17526565, at *3 (M.D.N.C. Dec. 8, 2022) ("Plaintiff's arguments are unavailing as he fails to establish a relationship between the injuries claimed in his motions and the conduct asserted in the Complaint, given that he complains about different, unrelated, and more recent events than those alleged in the initial Complaint."), *report and recommendation adopted*, No. 1:18CV786, 2023 WL 112542 (M.D.N.C. Jan. 5, 2023); *Johns v. Messer*, No. 7:19-CV-00207, 2020 WL 265232, at *2 (W.D. Va. Jan. 17, 2020) ("Although [plaintiff] alleges that the actions set forth in the motion for preliminary injunction are retaliatory and so are, in a sense, 'related' to his complaint's claims, they are not harms that arise from the use of excessive force against him [on the date of the incident alleged in the Complaint].").

2. <u>Plaintiff's Request for Appointment of Counsel</u>

Plaintiff seeks appointment of counsel. (*See* Docket Entries 10, 13; *see also* Docket Entry 11.) Circumstances remain unchanged since Plaintiff's last request for counsel was denied. (*See* Docket Entry 4.) As previously stated, a litigant in a § 1983 action has no right to appointed counsel. *Alexander v. Parks*, 834 F. App'x 778, 782 (4th Cir. 2020). The Court may appoint counsel in civil cases only when exceptional circumstances exist. *Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975). "Whether the circumstances are exceptional depends on the type and complexity of the case, and the abilities of the individuals bringing it." *Lowery v. Bennett*, 492 F. App'x 405, 411 (4th Cir. 2012) (internal quotations and citation omitted). In making this determination, a court must assess "(1) whether the plaintiff asserts a claim that is not frivolous, (2) the difficulty of the claim, and (3) whether the plaintiff can present the claim considering the skill required to do so and the plaintiff's individual abilities." *Jenkins v. Woodard*, 109 F.4th 242, 248 (4th Cir. 2024) (citing *Brock v. City of Richmond*, 983 F.2d 1055, 1055 (4th Cir. 1993) (per curiam)). "If it is apparent to the district court that a pro se litigant has a colorable claim but lacks the capacity to present it, the district court should appoint counsel to assist him." *Gordon v. Leeke*, 574 F.2d 1147, 1153 (4th Cir. 1978).

Here, Plaintiff has not demonstrated that this is an exceptional case warranting appointment of counsel at this juncture. Plaintiff asserts claims that are not frivolous but are also not complex. He does not lack the capacity to present those claims. Moreover, Plaintiff does not possess similar subjective limitations as those discussed in the *Jenkins* case. *See Jenkins*, 109 F.4th at 244, 249-50. And Plaintiff's representations about the litigation limitations associated with incarceration do not differ from conditions most prisoner-litigants

face. Indeed, while Plaintiff indicates issues with sending legal mail, including its impact on serving Defendants (Docket Entry 10 at 2; Docket Entry 13 at 3), the Court has received numerous filings from Plaintiff (*see* Docket Entries 8-13, 16, 19). Summonses have also been issued for Defendants, many of which have been returned executed (*see* Docket Entries 14, 18). Ultimately, exceptional circumstances are not present at this juncture warranting appointment of counsel. Therefore, Plaintiff's motions are denied without prejudice. If circumstances change, the Court can revisit the matter. Moreover, if this matter survives summary judgment and proceeds to trial, the Court will likely evaluate whether it will seek the assistant of an attorney to represent Plaintiff through its Pro Bono Representation Program.

3. Plaintiff's Motion for Issuance of Subpoenas Duces Tecum

Plaintiff has filed a motion seeking issuance of subpoenas duces tecum requiring Jail Administrator Captain Mr. Brown and Nurse Jo to produce documents Plaintiff believes are relevant to this action. (Docket Entry 16.) However, no scheduling order has been entered at this time and discovery has not commenced. Therefore, the motion is premature and is denied. Moreover, as Plaintiff appears to be seeking document production from named Defendants, such discovery is properly conducted under Rule 34 of the Federal Rules of Civil Procedure once discovery commences. *See Nesbitt v. Riley*, No. CA 0:14-2788-RMG-PJG, 2015 WL 1517505, at *3 (D.S.C. Apr. 1, 2015) ("[D]ocument production as to party defendants is properly conducted pursuant to Rule 34 of the Federal Rules of Civil Procedure."), *subsequently aff'd*, 619 F. App'x 259 (4th Cir. 2015); *Stewart v. VCU Health Sys. Auth.*, No. 3:09CV738-HEH, 2011 WL 13239549, at *4 (E.D. Va. Aug. 23, 2011) ("[T]he Plaintiff does not need to have the Court issue subpoenas to obtain the requested documents, which are in the Defendant's

8

custody, because he can request production of those documents from the opposing party pursuant to Fed. R. Civ. P. 34.").

   4. Plaintiff's Letter Motion

Plaintiff has filed a letter motion which the Court construes as a request for clarification regarding: (1) a summons for an individual named "Mr. Wilson;" (2) the Court's receipt of Plaintiff's request for subpoenas; and (3) Plaintiff's filing of the Court's MDNC Form 85. (*See* Docket Entry 19.) As to Mr. Wilson, it appears Plaintiff believes said individual is a defendant in this action; however, Mr. Wilson is not listed as a defendant in the Complaint, nor has he been added by amendment. (*See* Compl. at 1-6; *see also* Docket Entry 2-3, Text Order dated 7/18/2024.)[5] Thus, no summons has been issued for Mr. Wilson. As to Plaintiff's request for subpoenas, the Court has received the motion seeking issuance of subpoenas duces tecum (Docket Entry 16), which has been denied for the reasons stated herein.[6] Finally, as to the Court's MDNC Form 85, questions regarding said form may be directed to the Clerk's Office. Accordingly, Plaintiff's letter motion, construed as a request for clarification, is granted solely to the extent explained herein.

## III. CONCLUSION

For the reasons stated herein, **IT IS HEREBY ORDERED** that Plaintiff's motions for appointment of counsel (Docket Entries 10, 13) be **DENIED WITHOUT PREJUDICE**, Plaintiff's motion for issuance of subpoenas duces tecum (Docket Entry 16)

---

[5] Plaintiff references Mr. Wilson in the Complaint as the maintenance man who attempted to fix the toilet issues but concluded it was beyond repair. (*See* Compl. at 12.)

[6] To the extent Plaintiff seeks additional subpoenas, they too would be denied at this time as discovery has not commenced.

9

be **DENIED**, and Plaintiff's letter motion (Docket Entry 19), construed as a request for clarification, be **GRANTED** solely to the extent explained herein.

**IT IS HEREBY RECOMMENDED** that Plaintiff's motion for a preliminary injunction and temporary restraining order (Docket Entry 12) be **DENIED**.

/s/ Joe L. Webster<br>
United States Magistrate Judge

December 16, 2024
Durham, North Carolina